IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ODULIA ASHBY AND KEVIN ASHBY, on behalf of themselves and on behalf of their minor child, N.A., et al., § § § § *Plaintiffs*, § § v. § § SCHERTZ-CIBOLO-UNIVERSAL CITY § INDEPENDENT SCHOOL DISTRICT, et al., § § *Defendants*. § | Case No. 5:25-cv-01613-FB |

_____

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION AND MEMORANDUM OF LAW FOR PROVISIONAL AND FINAL BILATERAL CLASS CERTIFICATION AND APPOINTMENT OF CLASS COUNSEL**
_____

TO THE HONORABLE JUDGE FRED BIERY:

Defendants, Schertz-Cibolo-Universal City Independent School District, Medina Valley Independent School District, Hurst-Euless-Bedford Independent School District, Carroll Independent School District, Wylie Independent School District, Prosper Independent School District, Argyle Independent School District, Magnolia Independent School District, Richardson Independent School District, Clear Creek Independent School District, Liberty Hill Independent School District, and Pearland Independent School District,[1] (collectively, "Defendants"), hereby

---

[1] The undersigned counsel has contacted Deer Park Independent School District, Fort Sam Houston Independent School District, and Birdville Independent School District regarding representation by the Texas Office of Attorney General; however, at this time, no confirmation has been received from any of the identified Districts.

respond to the Plaintiffs' Motion and Memorandum of Law for Provisional and Final Bilateral Class Certification and Appointment of Counsel, Dkt. 8. The Court should deny Plaintiffs' motion for the reasons set forth below.

## I. INTRODUCTION

Texas Senate Bill No. 10 ("S.B. 10") requires all public elementary and secondary schools to accept any S.B. 10 compliant posters containing a Supreme Court approved version of the Ten Commandments and display them in every classroom. Relying upon a crumbling foundation of precedent and flawed judicial decisions, Plaintiffs allege a "judicial consensus that such statutes violate the First Amendment." Yet, *Lemon* is dead.[2] *Stone* is, at best, disregarded by the Supreme Court and is effectively dead.[3] *Roake* is dead.[4] And, the Fifth Circuit is soon set to determine whether *Nathan* is dead.[5] Further, the recent judicial decisions of this Court, respectfully, conflict with recent Supreme Court precedent, including *Town of Greece v. Galloway,* 572 U.S. 565 (2014), *American Legion v. American Hum. Ass'n,* 588 U.S. 29 (2019), *Kennedy v. Bremerton Sch. Dist.,* 597 U.S. 507 (2022); *see also* Amici Curiae of Kentucky & 18 Other States, Dkt. 122-1, Sen. Ted Cruz & 45 Members of the United States Congress, Dkt. 123-1, and Sen. Mayes Middleton, Dkt. 124-1, filed in No. 25-50695, *Nathan v. Alamo Heights Ind. Sch. Dist.,* pending in the Fifth Circuit Court of Appeals.

Despite standing on such shaky legal ground, Plaintiffs now request the Court certify a putative plaintiff class that includes almost every single public-school student within the State of

---

[2] *Lemon v. Kurtzman,* 403 U.S. 602 (1971).

[3] *Stone v. Graham,* 449 U.S. 39 (1980).

[4] *Roake v. Brumley,* 154 F.4th 329 (5th Cir. 2025) (per curiam).

[5] *Nathan v. Alamo Heights Ind. Sch. Dist.,* 157 F.4th 713 (5th Cir. 2025) (per curiam).

Texas, regardless of their particular beliefs, and a putative defendant class, regardless of the proposed defendants' actions or lack thereof. Plaintiffs' request for class-wide relief is both impermissibly broad and impracticable, and Defendants respectfully request that Plaintiffs' Motion be denied.

## II.     SUMMARY OF ARGUMENT

As Justice Alito explained, "[f]or believing Jews and Christians, the Ten Commandments are the word of God handed down by Moses on Mount Sinai, but the image of the Ten Commandments has also been used to convey other meanings. They have historical significance as one of the foundations of our legal system, and for largely that reason, they are depicted in the marble frieze in our Nation's capital." *Am. Legion v. Am. Hum. Ass'n,* 588 U.S. 29, 53 (2019). "In *Van Orden and McCreary,* no Member of the Court thought that that these depictions were unconstitutional." *Id.* (citing *Van Orden v. Perry,* 545 U.S. 677, 688-690 (2005); *id.* at 701 (opinion of Breyer, J.); *id.* at 740 (Souter, J., dissenting). Yet, based on the beliefs and alleged injuries of a few, Plaintiffs seek the removal of all displays of the same Ten Commandments alleging the same injuries on behalf of almost every student in the State of Texas completely disregarding the historical significance of the Ten Commandments and without any regard for the absent students or their parents and guardians' reverence of the Ten Commandments.

Despite their tenuous and certainly teetering legal arguments, Plaintiffs request the Court to certify a putative class (the "Plaintiff Class") defined as follows:

> All students enrolled in a Texas ISD that is subject to S.B. 10, and their parents or legal guardians. Excluded from the class are students, and the parents or guardians of such students, enrolled in: (i) a Texas ISD that is subject to Court Orders enjoining the posting of the Ten Commandments, or (ii) a Texas ISD that is subject to S.B. 10-related litigation initiated by the Attorney General of Texas prior to the filing of this litigation.

Dkt. 8, p. 3. Plaintiffs' overly broad, sweeping definition cannot be certified without Plaintiffs proving the proposed class meets *all* of the requirements set forth in Fed. R. Civ. P. 23(a). *See Ibe v. Jones,* 836 F.3d 516, 528 (5th Cir. 2016) (emphasis added). Plaintiffs cannot satisfy three of the four requirements. Moreover, Plaintiffs' own pleadings affirmatively prove their proposed class definition fails out of the gate.

In 2011, the Supreme Court rendered its landmark decision in *Wal-Mart v. Dukes*, 564 U.S. 338 (2011), which involved a putative class of employees asserting discrimination claims against Wal-Mart. That case not only clarified the "rigorous analysis" to be used in assessing commonality under Rule 23(a), *id.* at 350-51, but it also made clear that "[t]he key to the (b)(2) class is 'the indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them.'" *Id.* at 360 (citing Nagareda, Class Certification in the Age of Aggregate Proof, 84 N.Y.U.L. Rev. 97, 132 (2009)).

Rather than performing a "rigorous analysis" of their specific claims to identify common contentions capable of classwide resolution, as required by *Wal-Mart v. Dukes*, Plaintiffs argue that commonality is established merely because the members of the putative class (all public school students) share common characteristics and have allegedly suffered a violation of the same provisions of law without any acknowledgment that some, if not the overwhelming majority, Texas students and their families actually support the posting of the Ten Commandments. Indeed, Plaintiffs' own Complaint, Dkt. 1, conclusively proves that the class members do not even share the same claims, the Named Plaintiffs cannot possibly qualify as adequate representatives of the

proposed class due to the admitted differences between the Named Plaintiffs and the majority of the putative clas. Moreover, the majority of the putative class lacks standing to pursue such claims.

Finally, Plaintiffs' requested relief lacks the requisite cohesiveness for class-wide injunctive relief under Rule 23(b)(2). Plaintiffs assert that, because this is a "civil rights case," they are entitled to broad injunctive relief to address a variety of alleged harms suffered across the putative class (but not by each member of the putative class). But because Plaintiffs have not shown that each class member has been harmed in the same way (with some putative members experiencing no harm related to a given claim), Plaintiffs' requested relief would require this Court to oversee individualized determinations related to whether each and every student unknowingly swept into the class have any objection to the Ten Commandments in violation of the cohesiveness requirement set forth in *Wal-Mart*. In addition, Plaintiffs' requested relief lacks the specificity required for injunctive relief under Rule 23(b)(2).

For all of these reasons, Plaintiffs' motion to certify the putative class should be denied.

### III.   ARGUMENT

The "class action device . . . [is] an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Califano v. Yamasaki*, 442 U.S. 682, 700-01 (1979). A departure from this rule is justified only when a class representative is "part of the class and possess[es] the same interest and suffer[s] the same injury as the class members." *Wal-Mart*, 564 U.S. at 348 (citations and internal quotation marks omitted). Because of the dangers inherent in classwide adjudication, Rule 23 imposes prerequisites to preserve the rights of all parties, including absent class members. *Taylor v. Sturgell*, 553 U.S. 880, 900-01 (2008); *Amchem*,

521 U.S. at 629. The putative plaintiff class satisfies neither the requirements of Rule 23(a) nor Rule 23(b).

### I. Plaintiffs Cannot Satisfy Rule 23(a).

To obtain certification, parties must satisfy Rule 23(a)'s four threshold requirements: numerosity, commonality, typicality, and adequacy-of-representation. *Anderson v. U.S. Dep't of Housing & Urban Dev.*, 554 F.3d 525, 528 (5th Cir. 2008). "Rule 23 does not set forth a mere pleading standard," but rather, "[a] party seeking class certification must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are in fact sufficiently numerous parties, common questions of law or fact, etc." *Wal-Mart,* 564 U.S. at 350. The certification movant "bear[s] the burden of proof to establish," not just plead, "that the proposed class satisfies the requirements of Rule 23." *M.D. ex rel. Stukenberg v. Perry*, 675 F.3d 832, 837 (5th Cir. 2012). The Court also reaffirmed that "certification is proper only if 'the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied.'" *Wal-Mart*, 564 U.S. at 350 (quoting *Gen. Tel. Co. of S.W. v. Falcon*, 457 U.S. 147, 161 (1982)); *see also Falcon*, 457 U.S. at 160 ("[A]ctual, not presumed, conformance with Rule 23(a) remains . . . indispensable.").[6]

#### A. The putative plaintiff class fails to satisfy Rule 23(a)(2).

Rule 23(a)(2) requires the Plaintiffs to show that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Prior to *Wal-Mart,* commonality was easily shown because "any competently crafted class complaint literally raises common questions." *Wal-Mart,*

---

[6] The putative plaintiff class presumably meets the requirements of Rule 23(a)(1), the numerosity requirement, because of the number of public school students in the State of Texas and is not contested herein.

564 U.S. at 349. However, *Wal-Mart* now demands that the class members claims "depend upon a common contention . . . of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.* at 350; *see also M.D.*, 675 F.3d at 841-44. The Named Plaintiffs did not—and cannot—establish commonality.

In fact, Plaintiffs' own Complaint specifically identifies the wide-ranging, varying injuries allegedly suffered by both the Named Plaintiffs and the putative class. More specifically, Plaintiffs allege the following (cleaned up):

> Many people in Texas are nonreligious and do not adhere to the religious tenets of the Ten Commandments, Dkt. 1, ¶44;
>
> There are many faiths that do not teach, recognize or reference the Ten Commandments, Dkt. 1, ¶45;
>
> Some Christians reject the proposition that the Ten Commandments are authoritative, Dkt. 1, ¶46;
>
> Some faith traditions do not believe in elevating the Ten Commandments over other biblical teachings, Dkt. 1, ¶47; and,
>
> Different versions of the Ten Commandments reflect theological differences as to the Ten Commandments meaning and scope, Dkt. 1, ¶52.

Notwithstanding the conclusory nature of Plaintiffs' allegations, glaringly absent from Plaintiffs' complaint is the near certainty that many, if not the overwhelming majority of Texas students, do believe and follow the Ten Commandments. Some of the Plaintiffs further admit, *infra* at pp. 9-10, that their beliefs make them feel like "outsiders." Such differing allegations affirmatively disprove that the putative plaintiff class has not "suffered the same injury," and many may not have any injury at all.

*Wal-Mart* admonished that "[c]ommonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury.'" 564 U.S. at 350 (quoting *Falcon*, 457 U.S. at 157) (emphasis added). And it clarified that "suffering the same injury" for purposes of the commonality requirement "does not mean merely that [the putative class members] have all suffered a violation of the same provision of law":

> Title VII, for example, can be violated in many ways—by intentional discrimination, or by hiring and promotion criteria that result in disparate impact, and by the use of these practices on the part of many different superiors in a single company. Quite obviously, the mere claim by employees of the same company that they have suffered a Title VII injury, or even a disparate-impact Title VII injury, gives no cause to believe that all their claims can productively be litigated at once.

*Id.* Instead, commonality is met only if all class members' claims turn on a common contention that is "of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.* Even a cursory examination of the putative plaintiff class members indicates the class members' claims could not possibly "produce a common answer to the crucial question why was I disfavored," when, in fact, most are not "disfavored." *Id.* at 352. Accordingly, Plaintiffs cannot satisfy Rule 23(a)(2).

Given the nature of the Named Plaintiffs' allegations of a violation of the Establishment Clause and the Free Exercise Clause, which require proving violations of each clause as to each putative class member on a case-by-case basis, there is no common contention that is capable of classwide adjudication. As a result, Plaintiffs have failed to establish commonality as required by Rule 23(a).

### B. The putative plaintiff class fails to satisfy Rule 23(a)(3).

Rule 23(a)(3) requires the Plaintiff to show that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "[T]he commonality and typicality requirements of Rule 23(a) tend to merge.'" *Wal-Mart*, 564 U.S. at 352 (quoting *Falcon*, 457 U.S. at 157 n.13). That is, the commonality and typicality requirements both address "whether under the particular circumstances maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Id.*

For reasons intertwined with the lack of commonality in this case, the Named Plaintiffs' claims are not typical of claims that might be asserted on behalf of other members of the class as Plaintiffs' specifically allege "[t]hese [Plaintiffs] represent a wide variety of faiths . . . [a]nd within these faith systems, students and families adhere to a variety of denominations, branches and sects." Dkt. 1, ¶60. Further, Plaintiffs allege:

> [T]he displays will: (1) forcibly subject the minor-child Plaintiffs to religious doctrine and beliefs in a manner that conflicts with their families' religious and nonreligious beliefs and practices; (2) send a marginalizing message to the minor-Plaintiffs and their families that they do not belong in their own school community because they do not subscribe to the state's preferred religious text; (3) religiously coerce the minor-child Plaintiffs by pressuring them to observe, meditate on, venerate, and follow the state's favored religious text, and by pressuring them to suppress expression of their own religious and nonreligious beliefs and backgrounds at school; and (4) substantially interfere with the religious development of the minor-child Plaintiffs.

Dkt. 1, ¶103. But, the putative plaintiff class sweeps in many students who may completely disagree with Plaintiffs' allegations without any consideration that Plaintiffs' claims may actually be prejudicial to the interests of, and potentially directly contradict, the absent class members' claims,

if any. While "[A] complete identity of claims' is not required' . . . the critical inquiry is whether the [Named Plaintiffs'] claims have the same essential characteristics of those of the putative class." *Angell v. GEICO Advantage Ins. Co.,* 67 F.4th 727, 736 (5th Cir. 2023).

Indeed, some Plaintiffs claim to having been told it is "weird not to believe," Dkt. 1, ¶107, "fears the family's nonreligious background sets them apart," Dkt. 1, ¶113, called "soulless" because their faith was different, Dkt. 1, ¶120, felt different than [Plaintiff's] majority Christian classmates, Dkt. 1, ¶129, felt pressured to conform with the school's predominantly Christian affiliations, Dkt. 1, ¶145, "experiences feelings of difference," Dkt. 1, ¶166, received the message that [Plaintiff's] opinions and beliefs are less valued than the beliefs of their Christian peers, Dkt. 1, ¶186, and felt like "outsiders" in the school community, Dkt. 1, ¶¶193, 199, 206, 214, 222, and 232. Yet, Plaintiffs allege their claims are typical of the absent class members. Plaintiffs did not—and cannot—show that their claims are typical of the claims to be asserted on behalf of the estimated 5.5 million public school students in the State of Texas.[7] *See also Falcon*, 457 U.S. at 156 (recognizing that class representatives must "'possess the same interest and suffer the same injury' as the class members.") (quotations omitted).

Finally, just as asserting that all putative class members have suffered violations of the same legal provisions does not establish commonality,[8] "[t]he presence of a common legal theory does not establish typicality when proof of a violation requires individualized inquiry." *Elizabeth M. v. Montenez*, 458 F.3d 779, 787 (8th Cir. 2006). Given the dissimilarities between the Named

---

[7] Texas Education Agency (Div. of Research and Analysis), Enrollment in Texas Public Schools 2023-2024 (August 2024) available at https://tea.texas.gov/reports-and-data/school-performance/accountability-research/enrollment-trends (last accessed Dec. 10, 2025).

[8] *See* Section I.A., *supra*.

Plaintiffs and large portions of the putative class, the Named Plaintiffs cannot establish that their particular claims or injuries are "typical" of all other public-school students who may not claim any injury at all resulting from simply seeing a poster of the Ten Commandments.

C.      **The putative plaintiff class fails to satisfy Rule 23(a)(4).**

Rule 23 also includes an "adequacy" prerequisite for class certification, which requires that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). As explained by Plaintiffs, "[c]ourts assessing adequacy consider the representatives' ability to take an active role in the litigation and *protect the interests of other class members* and the alignment of interests between the representatives and other class members." Dkt. 8, p. 8 (emphasis added); *see also Slade v. Progressive Sec. Ins. Co.,* 856 F.3d 125, 130 (5th Cir. 2005). While the Named Plaintiffs may be willing and able to fulfill their obligations as class representatives with the support of competent counsel, the Named Plaintiffs unequivocally fail to share the class's interests. The Named Plaintiffs are actually attempting to trample the constitutional rights of some class members who believe differently. Indeed, "[a] government that roams the land, tearing down monuments with religious symbolism and scrubbing away any reference to the divine will strike many as aggressively hostile to religion." *Am. Legion,* 588 U.S. at 56. Plaintiffs have not—and cannot—show the interests of the Named Plaintiffs are aligned with the interests of the absent class members. For this reason alone, Plaintiffs fail to meet the "adequacy" requirement.

D.      **Both the Named Plaintiffs and putative plaintiff class members lack standing.**

Additionally, to meet the adequacy prerequisite to be class representative, a named plaintiff must have standing to assert all claims asserted on behalf of the purported class. *Grant ex rel.*

*Family Eldercare v. Gilbert*, 324 F.3d 383, 389 (5th Cir. 2003) (holding that named plaintiff who had standing only as to one of four NHRA claims "cannot seek relief for the proposed class"). "It goes without saying that before seeking certification, representative plaintiffs must still establish standing." *Grant*, 324 F.3d at 390.

The Named Plaintiffs lack the requisite standing to assert all of the claims for which they seek certification. As stated in Defendants' pending motion to dismiss, all of the Named Plaintiffs lack standing to assert Establishment Clause and Free Exercise clause violations. Rather than repeat those arguments, and acknowledging the Court has previously determined otherwise, CITE, Defendants refer to and incorporate by reference their standing arguments contained in their motion to dismiss. As a result, none of the Named Plaintiffs are adequate class representatives as to those claims.

Further, there is also no indication that the putative plaintiff class members have standing. To establish standing, a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by defendant; and (iii) that the injury would likely be redressed by judicial relief. *See Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61 (1992). If "the plaintiff does not claim to have suffered an injury that the defendant caused and the court can remedy, there is no case or controversy for the federal court to resolve." *Casillas v. Madison Ave. Assocs., Inc.,* 926 F.3d 329, 333 (7th Cir. 2019) (Barrett, J.). Since most of the absent class members to be swept up in the putative plaintiff class have no objection to the Ten Commandments, and therefore no claimed injury, most of the absent class members do not have standing. "Any class definition that includes members who would never have standing under our precedent is a class definition that cannot stand." *Drazen v. Pinto,* 41 F.4th 1354, 1362

(11th Cir. 2022) *remanded on other grounds, Drazen v. Pinto,* 74 F.4th 1336 (11th Cir. 2023) (en banc). Since an action "claiming an unconstitutional establishment of religion," requires the Plaintiff to "demonstrate that he was actually coerced by government conduct that shares the characteristics of an establishment as understood at the founding," *Am. Legion,* 588 U.S. at 75-76 (Thomas, J., concurring), Plaintiffs are required to prove same for the absent class members.

Even assuming, *arguendo,* the Named Plaintiffs may have standing, Plaintiffs have failed to provide any evidence to indicate the putative plaintiff class members also have standing as not all, or even most, of the absent class members claim any injury. As legal commentators have explained:

> The application of standing requirements becomes somewhat complicated when an action is brought by a plaintiff class against a defendant class. In those cases a particular problem arises because the named plaintiff typically can claim an injury as a result of the conduct of only one of the defendant class members, not each individual in the defendant class. Thus a question is raised concerning whether the named plaintiff's representative status in a Rule 23 action can be of sufficient scope to cure whatever defects may exist as to standing vis-à-vis defendant class members. Most commonly, the answer to this question has been no.

Charles Alan Wright, Arthur R. Miller, Mary Kay Kane and Richard L. Marcus, Federal Practice and Procedure § 1785.1 (3d ed.). The answer should be "No" here as well.

\* \* \* \*

Plaintiffs are required to withstand a "rigorous analysis" of the prerequisites identified in Fed. R. Civ. P. 23(a) and "satisfy all of them." *Wal-Mart,* 564 U.S. at 351. Here, Plaintiffs fail to satisfy Rule 23(a)(2-4). As such, the Plaintiffs' Motion for Provisional and Final Bilateral Class Certification fails.

## II. Plaintiffs Cannot Satisfy Rule 23(b)

In addition, a proposed class also must fall within at least one of Rule 23(b)'s three categories. The Plaintiffs invoke both Rule 23(b)(1)(A), Dkt. 8, p. 16, and Rule 23(b)(2), Dkt. 8, p.

10. As such, the Court must perform a rigorous analysis of each cause of action to determine whether there is a common contention across the entire putative class, the resolution of which "will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart*, 564 U.S. at 350.

> Plaintiffs seek to certify the following putative defendant class (the "Defendant Class"):
>
> All Texas ISDs that are subject to S.B. 10. Excluded from the class are: (i) Texas ISDs that are subject to Court Orders enjoining the posting of the Ten Commandment displays, and (ii) Texas ISDs subject to S.B. 10-related litigation initiated by the Attorney General of Texas prior to the filing of this litigation.

Dkt. 8, p. 12. Plaintiffs' putative defendant class fails because there is not any evidence that all Texas ISDs are, or will, act similarly with respect to S.B. 10. In fact, the S.B. 10-related litigation filed by the Attorney General proves, or at minimum provides an indication, that some Texas ISDs are respecting their obligations under S.B. 10 differently. Plaintiffs' overly broad, sweeping putative defendant class includes Texas ISDs that may not have displayed the Ten Commandments nor have any intention of displaying the Ten Commandments as required by S.B. 10.

### A. Plaintiffs' putative defendant class fails to satisfy Rule 23(b)(1)(A).

Rule 23(b)(1)(A) applies when "prosecuting separate actions by or against individual class members would create a risk of inconsistent and or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class. Fed. R. Civ. P. 23(b)(1)(A). "Rule 23(b)(1)(A) exists precisely to prevent such disparate results to *identical* claims." *Tex. Med. Providers Perf. Abortion Servs. v. Lakey,* 806 F.Supp.2d 942, 954 (W.D. Tex. 2011), *vacated in part on other grounds,* 667 F.3d 570 (5th Cir. 2012) (emphasis added). Yet, Plaintiffs have not offered any evidence to satisfy their burden of proving "identical"

claims against the entire putative defendant class. Plaintiffs could not mount a successful challenge alleging violations of the Establishment Clause or Free Exercise Clause against a school district that was refusing to display the Ten Commandments as required by S.B. 10 because there would be no violation. The same analysis applies to the putative defendant class. If a Texas ISD is refusing to display the Ten Commandments, they cannot be swept into the putative defendant class. Absent some proof that each of the Texas ISDs, excluding the ISDs identified by Plaintiffs, has or intends to display the Ten Commandments required by S.B. 10, Plaintiffs cannot satisfy the "identical" claims requirement against the putative defendant class.

### B. Plaintiffs' putative defendant class fails to satisfy Rule 23(b)(2).

Rule 23(b)(2) applies when "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." *Wal-Mart* made clear that "[t]he key to the (b)(2) class is 'the indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them.'" 564 U.S. at 360 (quoting Nagareda, 84 N.Y.U. L. REV. 132). Here, Plaintiffs seek "a temporary restraining order and preliminary injunction on a class-wide basis enjoining all the named Defendants and all members of the putative Defendant Class and their officers, agents, affiliates, subsidiaries, employees, successors, and all other persons or entities in active concert or privity or participation with them, from complying with S.B. 10 by displaying the Ten Commandments in public school classrooms and requiring them to immediately remove any S.B. 10 displays currently posted." Dkt. 8, p. 20.

To justify imposition of the federal equitable power on a classwide basis through Rule 23(b)(2), the "class members must have been harmed in essentially the same way," and "the injunctive relief sought must be specific." *M.D.*, 675 F.3d at 875 (quoting *Maldonado v. Ochsner Clinic Found.*, 493 F.3d 521, 523 (5th Cir. 2007)). Furthermore, "Rule 23(b)(2) applies only when a single injunction or declaratory judgment would provide relief to each member of the class. It does not authorize class certification when each individual class member would be entitled to a *different* injunction or declaratory judgment against the defendant." *Wal-Mart*, 564 U.S. 360 (emphasis in original). "The key to the (b)(2) class is 'the indivisible nature of the injunctive or declaratory remedy warranted--the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them.'" *Id.* (quoting Nagareda, 84 N.Y.U. L. REV. at 132). "For a class certified under Rule 23(b)(2), 'the relief sought must perforce affect the entire class at once.'" *M.D.*, 675 F.3d at 875 (quoting *Wal-Mart*, 564 U.S. at 361-62). If a particular Texas ISD is not complying with S.B.10 or has no intention of complying with S.B. 10, Plaintiffs could never obtain an injunction against that Texas ISD or would at least require a *different* injunction. Absent any evidence that all Texas ISDs, excluding the ones identified by Plaintiffs, the Court cannot declare the Defendant Class's conduct "unlawful as to all of the class members." Satisfaction of Rule 23(b) is only proper where "the *uniform* conduct of multiple defendants is challenged." *United States v. Rainbow Family,* 695 F.Supp. 314, 320 (E.D. Tex. 1988) (emphasis added).

In short, Plaintiffs have failed to meet the cohesiveness requirement of Rule 23(b)(2), as the requested relief does not address a common harm, would entitle each putative class member to

a different injunctive relief based on their individual needs and eligibility, and lacks the requisite specificity.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Provisional and Final Bilateral Class Certification and Appointment of Class Counsel must be denied.

Respectfully submitted.

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**RALPH MOLINA**
Deputy First Assistant Attorney General

**AUSTIN KINGHORN**
Deputy Attorney General for Civil Litigation

**KIMBERLY GDULA**
Chief, General Litigation Division

/s/ William H. Farrell
**WILLIAM H. FARRELL**
Assistant Attorney General
Texas Bar No. 00796531
biff.farrell@oag.texas.gov
Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 979-5561| FAX: (512) 320-0667

**COUNSEL FOR DEFENDANTS,**
Schertz-Cibolo-Universal City ISD, Medina Valley ISD, Hurst-Euless-Bedford ISD, Carroll ISD, Wylie ISD, Prosper ISD, Argyle ISD, Magnolia ISD, Richardson ISD, Clear Creek ISD, Liberty Hill ISD, and Pearland ISD

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of *Defendants' Response in Opposition to Plaintiffs' Motion for Class Certification* was served through the CM/ECF system on December 23, 2025, upon all counsel of record.

/s/ William H. Farrell
**WILLIAM H. FARRELL**
Assistant Attorney General
