# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | |
|---|---|
| ODULIA ASHBY AND KEVIN ASHBY, on behalf of themselves and on behalf of their minor child, N.A., and on behalf of all others similarly situated, et al., | |
| Plaintiffs, | CIVIL ACTION NO. |
| v. | 5:25-cv-01613-FB |
| SCHERTZ-CIBOLO-UNIVERSAL CITY INDEPENDENT SCHOOL DISTRICT, on behalf of itself and a class of all Texas independent school districts similarly situated, et al., | |
| Defendants. | |

## PLAINTIFFS' REPLY IN FURTHER SUPPORT OF THEIR MOTION FOR PROVISIONAL AND FINAL BILATERAL CLASS CERTIFICATION AND APPOINTMENT OF CLASS COUNSEL

# TABLE OF CONTENTS

**Page**

INTRODUCTION ............................................................................................................. 1

ARGUMENT ..................................................................................................................... 2

I.    THE NAMED CLASS REPRESENTATIVES HAVE STANDING TO SUE ALL
MEMBERS OF THE DEFENDANT CLASS AND CONSIDERATION OF ABSENT
CLASS MEMBER STANDING IS PREMATURE ......................................................... 2

    A.    The Named Representative Plaintiffs Have Established Standing ........................ 3

    B.    Any Inquiry Into Absent Class Member Standing is Inappropriate on a
Class Certification Motion ................................................................................... 3

    C.    The Representative Plaintiffs Have Standing to Sue the Defendant Class ............. 4

II.    THE PLAINTIFF CLASS SATISFIES RULE 23(a) ....................................................... 5

    A.    Commonality is Satisfied Because All Class Members are Subject to the
Same Unconstitutional Statute ............................................................................. 6

        1.    There are issues common to the Plaintiff Class that are apt to drive
the resolution of this litigation .................................................................. 6

        2.    Class certification is not precluded by the inclusion of members
who suffered harm in different ways ......................................................... 7

        3.    Defendants' cited authority is inapposite .................................................. 9

    B.    Typicality is Satisfied Because Policy Disagreement Does Not Render
Plaintiffs' *Claims* Atypical ................................................................................. 11

    C.    Adequacy is Satisfied Because Policy Disagreement Does Not Create a
Fundamental Conflict of Interest ......................................................................... 13

III.    THE DEFENDANT CLASS SATISFIES RULE 23(b) ................................................. 14

    A.    The Defendant Class is Certifiable Pursuant to Rule 23(b)(1)(A) ....................... 14

    B.    Alternatively, the Defendant Class is Certifiable Pursuant to Rule 23(b)(2) ....... 15

IV.    CONCLUSION…………………………………………………………………....…15

# TABLE OF AUTHORITIES

**Cases**                                                                                    **Page**

*Angell v. GEICO Advantage Ins. Co.*,
  67 F.4th 727 (5th Cir. 2023) ............................................................................ 12

*Antrim v. Carr*,
  2023 WL 8627789 (E.D. Wis. Dec. 13, 2023) ........................................................ 7

*Astiana v. Kashi Co.*,
  291 F.R.D. 493 (S.D. Cal. 2013) ....................................................................... 12

*B.K. ex rel. Tinsley v. Snyder*,
  922 F.3d 957 (9th Cir. 2019) ........................................................................ 4, 7

*Braidwood Mgmt. v. EEOC*,
  70 F.4th 914 (5th Cir. 2023) ........................................................................... 15

*Callahan v. Wallace*,
  466 F.2d 59 (5th Cir. 1972) ............................................................................ 15

*Cmtys. for Equity v. Mich. High Sch. Ath. Ass'n*,
  192 F.R.D. 568 (W.D. Mich. 1999) .................................................................... 13

*Cruz v. Zucker*,
  195 F. Supp. 3d 554 (S.D.N.Y. 2016) ................................................................. 10

*Curtis v. Propel Prop. Tax Funding, LLC*,
  915 F.3d 234 (4th Cir. 2019) ............................................................................. 4

*DG v. Devaughn*,
  594 F.3d 1188 (10th Cir. 2010) .......................................................................... 4

*Doe v. Miller*,
  216 F.R.D. 462 (S.D. Iowa 2003) ...................................................................... 15

*Ehret v. Uber Techs., Inc.*,
  148 F. Supp. 3d 884 (N.D. Cal. 2015) ................................................................ 12

*Elizabeth M. v. Montenez*,
  458 F.3d 779 (8th Cir. 2006) ....................................................................... 12, 13

*Horton v. Goose Creek Indep. Sch. Dist.*,
  690 F.2d 470 (5th Cir. 1982) ........................................................................... 13

*Hudgins v. Bd. of Educ. of City of Chicago*,
2024 WL 1702679 (N.D. Ill. Apr. 19, 2024) ............................................................ 7

*In re Am. Med. Sys., Inc.*,
75 F.3d 1069 (6th Cir. 1996) ................................................................................... 11

*In re Checking Account Overdraft Litig.*,
307 F.R.D. 656 (S.D. Fla. 2015) ............................................................................. 11

*In re Deepwater Horizon*,
739 F.3d 790 (5th Cir. 2014) ............................................................................... 8, 10

*In re Deepwater Horizon*,
785 F.3d 1003 (5th Cir. 2015) ................................................................................. 10

*Ind. Civ. Liberties Union Found. v. Superintendent*,
336 F.R.D. 165 (S.D. Ind. 2020) .............................................................................. 7

*Kohen v. Pacific Inv. Mgmt. Co. LLC*,
571 F.3d 67 (7th Cir. 2009) ...................................................................................... 4

*Langbecker v. Elec. Data Sys. Corp.*,
476 F.3d 299 (5th Cir. 2007) ................................................................................... 11

*Lanner v. Wimmer*,
662 F.2d 1349 (10th Cir. 1981) ............................................................................... 13

*Larry James Oldsmobile-Pontiac-GMC Truck Co., Inc. v. General Motors Corp.*,
164 F.R.D. 428 (N.D. Miss. 1996) ........................................................................... 13

*Lebron v. Wilkins*,
277 F.R.D. 664 (M.D. Fla. 2011) ............................................................................. 13

*Lightbourn v. Cnty. of El Paso, Tex.*,
118 F.3d 421 (5th Cir. 1997) ................................................................................... 11

*M.D. ex rel. Stukenberg v. Perry*,
675 F.3d 832 (5th Cir. 2012) ................................................................................... 10

*M.D. v. Abbott*,
907 F.3d 237 (5th Cir. 2018) ................................................................................... 11

*M.D. v. Perry*,
294 F.R.D. 7 (S.D. Tex. 2013) ..................................................................... 10, 11, 12

*Mahmoud v. Taylor*,
    606 U.S. 522 (2025) ................................................................................................ 9, 14

*Moore v. Comfed Sav. Bank*,
    908 F.2d 834 (11th Cir. 1990) ......................................................................................... 5

*Nathan v. Alamo Heights Indep. Sch. Dist.*,
795 F. Supp. 3d 910 (W.D. Tex.  2025) ...................................................................... 14, 15

*Neale v. Volvo*,
    794 F.3d 353 (3d Cir. 2015) ........................................................................................... 4

*Nelson v. Warner*,
    336 F.R.D. 118 (S.D. W. Va. 2020) ................................................................................ 5

*Payton v. County of Kane*,
    308 F.3d 673 (7th Cir. 2002) ...................................................................................... 3, 5

*Riemer v. State*,
    392 S.W.3d 635 (Tex. 2013) ......................................................................................... 14

*Rodriguez v. Hayes*,
    591 F.3d 1105 (9th Cir. 2010) ........................................................................................ 7

*Sherman v. Twp. High Sch. Dist. 214*,
    540 F. Supp. 2d 985 (N.D. Ill. 2008) ......................................................................... 7, 14

*Steward v. Janek*,
    315 F.R.D. 472 (W.D. Tex. 2016) ................................................................................. 12

*Stinson v. Fayetteville Sch. Dist. No. 1*,
    798 F. Supp. 3d 931 (W.D. Ark. 2025) .......................................................................... 15

*Stirman v. Exxon Corp.*,
    280 F.3d 554 (5th Cir. 2002) ......................................................................................... 11

*Suchanek v. Sturm Foods, Inc.*,
    311 F.R.D. 239 (S.D. Ill. 2015) ..................................................................................... 11

*Tex. Med. Providers Performing Abortion Servs. v. Lakey*,
    806 F. Supp. 2d 942 (W.D. Tex. 2011) ..................................................................... 14, 15

*Wal-Mart Stores, Inc. v. Dukes*,
    564 U.S. 338, 350 (2011) ..................................................................................... *passim*

*Waters v. Barry*,
711 F. Supp. 1125 (D.D.C. 1989) ........................................................................ 14

*Wilson v. Centene Mgmt. Co., LLC*,
144 F.4th 780 (5th Cir. 2025)......................................................................... 2, 3, 4

*Yates v. Collier*,
362 F.3d 354 (5th Cir. 2017)................................................................................. 8

*Young v. Pierce*,
544 F. Supp. 1010 (E.D. Tex. 1982) ...................................................................... 7

**Federal Rules of Civil Procedure**

Fed. R. Civ. P. 23 ............................................................................................ passim

**Other Authorities**

1 WILLIAM B. RUBENSTEIN, NEWBERG ON CLASS ACTIONS § 2:3 (6th ed. 2022)....................... 2, 3

5 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 23.25 (2025) .............................. 14

7A CHARLES A. WRIGHT, ET AL., FED. PRAC. & PROC. § 1785.1 (3d ed. 2016) ........................... 5

**Statues**

S.B. 10.......................................................................................................... passim

## INTRODUCTION

Plaintiffs respectfully submit this reply in further support of their Motion for Provisional and Final Bilateral Class Certification and Appointment of Class Counsel, ECF No. 8. Notably, the Defendants do not contest many aspects of Plaintiffs' motion. They do not contest ascertainability or superiority for either the Plaintiff or Defendant classes. They do not contest numerosity, or the appropriateness of Rule 23(b)(2) with respect to the Plaintiff Class. They do not contest the appointment of the undersigned counsel for the Plaintiff Class. Nor do they contest any of the Rule 23(a) factors with respect to the Defendant Class, or appointment of the Office of Attorney General as counsel for the Defendant Class. Finally, they do not challenge the appropriateness of provisional certification.

Instead, Defendants hinge their opposition on an attempt to broaden beyond recognition the requirements of Rule 23, while collapsing standing, commonality, typicality, and adequacy into a single analysis. With each, they misstate the law and then turn to arguing the underlying merits of the claims and their defenses. Defendants contend that the Plaintiff Class cannot be certified because of differences among class members, such as variations in the nature of their injuries, the assertion that some families favor S.B. 10 and its requirement that scripture be posted in all Texas public-school classrooms, and other contentions that do not bear on the types of classes sought to be certified here. Defendants' position would make it virtually impossible for any court to order meaningful statewide relief in a case involving a right under the United States Constitution (First Amendment or otherwise), even where, as here, the challenged conduct applies statewide and is in direct contravention of Supreme Court precedent. Plaintiffs respectfully submit that the Defendants' arguments are without merit, and request that the Court issue a preliminary injunction on a bilateral class-wide basis.

## ARGUMENT

Defendants ignore most of Plaintiffs' opening arguments concerning the class certification analysis, focusing instead on an incorrect framing of the issues relevant to this motion. They are mistaken on each of their arguments. First, the named Plaintiffs have established Article III standing for their claims against Defendants, both individually and as a class; the challenged statute, S.B. 10, imposes uniform conduct on all Texas Independent School Districts ("ISDs"), thereby creating a common and direct injury that satisfies constitutional requirements. Second, the Plaintiff Class satisfies Rule 23(a), as all members are subjected to the same allegedly unconstitutional statute, and the litigation will turn on common questions of law and fact, including whether S.B. 10 violates the Establishment Clause and the Free Exercise Clause of the First Amendment. Third, the Defendant Class satisfies the requirements of Rule 23(b), given the uniformity of the legal claims and the availability of class-wide injunctive relief, making certification under both Rule 23(b)(1)(A) and (b)(2) appropriate. Finally, the Court should issue a preliminary injunction against the Defendants on a bilateral, class-wide basis, to prevent the ongoing and widespread violation of constitutional rights.

I.    **THE NAMED CLASS REPRESENTATIVES HAVE STANDING TO SUE ALL MEMBERS OF THE DEFENDANT CLASS AND CONSIDERATION OF ABSENT CLASS MEMBER STANDING IS PREMATURE**

Defendants take the position that all absent plaintiff class members must satisfy Article III standing at the time the class is certified. That view was recently rejected by the Fifth Circuit in *Wilson v. Centene Mgmt. Co., LLC*, 144 F.4th 780, 788-90 (5th Cir. 2025). In *Wilson*, the Fifth Circuit definitively stated that for purposes of class certification, the standing analysis is limited to only the named representative plaintiffs. *Id.* At this stage of the proceedings, the focus is not on whether absent class members satisfy Article III standing, but instead whether the *representative Plaintiffs* establish standing with respect to their own claims. *Id.*; *see also* NEWBERG ON CLASS

ACTIONS § 2:3 (6th ed. 2022) (explaining that, unlike money damages cases where it is unclear whether the class proponent needs to establish standing for the putative class, "*there is no confusion* in cases seeking injunctive or other equitable relief: it is well settled that in such cases the standing inquiry focuses solely on the named plaintiff or proposed class representative") (emphasis added)).

Representative class plaintiffs may maintain an action against members of a defendant class where they mount a facial attack on the constitutionality of a statute that controls the conduct of all defendant class members. *See, e.g.*, *Payton v. County of Kane*, 308 F.3d 673 (7th Cir. 2002) (plaintiff class members had standing to sue 19 county jails, even though named plaintiffs had only been injured by two of the 19 defendants, because all 19 counties used the same statute to charge bond fees). Here, there is no serious question that the proposed representative class Plaintiffs have such standing.

### A.    The Named Representative Plaintiffs Have Established Standing

As elaborated further in Plaintiffs' opposition to Defendants' motion to dismiss, the Plaintiffs here have standing to bring both their Establishment Clause and Free Exercise Clause claims. Defendants' arguments to the contrary are incorrect. *See* ECF No. 34, at 12.

### B.    Any Inquiry into Absent Class Member Standing is Inappropriate on a Class Certification Motion

Under Fifth Circuit law, a court evaluates only proposed representative plaintiffs' individual standing at the time a certification motion is filed. *Wilson*, 144 F.4th 788-90. The Defendants advocate for an approach that would compare the injuries or interests of the representative plaintiffs with those of every member of a putative class and then reject certification if the representative plaintiffs' harms are not sufficiently analogous to those suffered by all of the absent class members. ECF No. 34, pgs. 12-13. This so-called "standing approach" is not the law

in the Fifth Circuit or in the majority of Circuits that have considered the issue. *See Wilson*, F.4th at 788-90; *see also B.K. ex rel. Tinsley v. Snyder*, 922 F.3d 957, 967 (9th Cir. 2019); *Curtis v. Propel Prop. Tax Funding, LLC*, 915 F.3d 234, 240 (4th Cir. 2019) ("In a class action case, we look to the standing of the named plaintiff."); *Neale v. Volvo*, 794 F.3d 353 (3d Cir. 2015); *DG v. Devaughn*, 594 F.3d 1188, 1201 (10th Cir. 2010) ("That a class possibly or even likely includes persons unharmed by a defendant's conduct should not preclude certification."); *Kohen v. Pacific Inv. Mgmt. Co. LLC*, 571 F.3d 672, 676 (7th Cir. 2009) ("[A]s long as one member of a certified class has a plausible claim to have suffered damages, the requirement of standing is satisfied."). At the certification stage, the court need only consider the parties before it, not absent class members. Consideration of absent class member standing is appropriate only after liability is adjudicated. *Wilson*, 144 F.4th 788-90. To be clear, *Wilson* squarely rejected the approach advocated for by the Defendants. *Wilson* also cautions district courts not to look too deeply into the merits. *Id.* at 794.

**C.**  **The Representative Plaintiffs Have Standing to Sue the Defendant Class**

Defendants next challenge the proposed representative Plaintiffs' standing to assert claims against absent members of the Defendant Class. Defendants' arguments lack any citation or legal support whatsoever. At this stage of the proceedings, the court's review of standing should be limited to the named plaintiffs and named defendants. *See Wilson*, 144 F.4th 788-90; *Neale*, 794 F.3d 353; *Kohen*, 571 F.3d at 676. Named Plaintiffs need not show that they were injured by every member of the Defendant Class. With respect to both plaintiff and defendant classes, evaluation of absent class member standing is appropriately left for the remedial stages after the court resolves liability. *Wilson*, 144 F.4th 788-90.

Defendants disregard the timing question and selectively rely solely on a treatise to support their argument that Plaintiffs cannot sue members of the Defendant Class because they did not

injure the representative Plaintiffs. ECF No. 34, at 13 (citing 7A CHARLES A. WRIGHT, ET AL., FED. PRAC. & PROC. § 1785.1 (3d ed. 2016)). Defendants miss that the very treatise they cite does not actually support their argument. Specifically, as Wright makes clear, there exists "an exception" to Defendants' argument "in which the defendant class [is] composed of public officials." *Id.* The treatise gives as an example where "plaintiffs attack the facial constitutionality of a statute that controls the conduct of all defendant class members." *Id.* The exception applies in cases where the defendant class consists of public officials, and the court determines that a plaintiff meets the necessary standing requirements so long as plaintiffs can show injury at the hands of at least one official. *Id.* The caselaw is in accord. For example, in *Payton*, detainees arrested in Illinois challenged bond-fee statutes and practices in multiple counties. 308 F.3d at 675. The court noted that none of the named plaintiffs suffered an injury in some of the counties. *Id.* at 675-76. Nonetheless, the court held that the plaintiffs could maintain their suit against all members of the defendant class because the defendants acted pursuant to the same statutes and common legal framework. *Id.* at 678-79; *see also Nelson v. Warner*, 336 F.R.D. 118, 124 (S.D. W. Va. 2020) (The "paradigmatic application" of the exception is to certify a defendant class of government officials acting in accordance with an allegedly unconstitutional law). Injury by only one official is necessary because public bodies are often deemed sufficiently interconnected that they may be treated as a single, cohesive unit for purposes of standing. *Payton*, 308 F.3d at 679 (citing *Moore v. Comfed Sav. Bank*, 908 F.2d 834, 838-39 (11th Cir. 1990)).

## II.    THE PLAINTIFF CLASS SATISFIES RULE 23(a).

Defendants' challenges to commonality, typicality, and adequacy also fail. The common thread linking Defendants' arguments is the speculative assertion that the representative Plaintiffs are not suitable class representatives because their claims are not shared by, and in fact may conflict with, the beliefs of an unknown number of putative class members who favor enforcement

of a statute that violates the Constitution.  That assertion cannot defeat class certification.

A. **Commonality is Satisfied Because All Class Members are Subject to the Same Unconstitutional Statute**

Defendants assume that commonality requires that every class member experience identical harm or hold identical views. That is incorrect. Rather, commonality considers whether there is at least one question of law or fact common to the class that will "generate common answers apt to drive the resolution of the litigation." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350, 359 (2011) (cleaned up). Plaintiffs' class certification motion does not implicate Rule 23(b)(3) and consideration of the predominance requirement. And in any event, even if predominance were a requirement of a (b)(1) or (b)(2) class, it would be satisfied here. Furthermore, Defendants' attempt to stretch *Dukes* beyond its holding effectively asks this Court to rewrite the law governing class certification by improperly narrowing Rule 23(a)(2) to such a point that litigants would be unable to certify a civil rights class.

1. *There are issues common to the Plaintiff Class that are apt to drive the resolution of this litigation*

Plaintiffs' class certification motion detailed a list of common questions capable of class-wide resolution. *See* ECF No. 8, at 14. Most centrally, this case concerns whether S.B. 10—which mandates the display of a Protestant version of the Ten Commandments in every public-school classroom in Texas—constitutes an unconstitutional establishment of religion. Similarly, with respect to the Free Exercise Clause claim, common issues include whether S.B. 10 is religiously neutral, and if not, whether the imposition of scripture on public-school students can satisfy strict scrutiny. These questions can be addressed with uniform, class-wide answers and these answers would apply equally to each member of the Plaintiff and Defendant Classes because S.B. 10 applies uniformly to ISDs in Texas and implicates the constitutional rights of all students attending ISDs in Texas, as well as their parents. These questions are not peripheral; they are the bedrock of

the Plaintiffs' causes of action.

Common questions may be broadly phrased. *Snyder*, 922 F.3d at 969 (district court properly grounded its commonality determination in constitutionality of statewide policies and practices); *Young v. Pierce*, 544 F. Supp. 1010, 1029 (E.D. Tex. 1982) (certifying common question asking whether HUD violated Constitution by abrogating its affirmative duties); *Hudgins v. Bd. of Educ. of City of Chicago*, No. 23-cv-218 (MFK), 2024 WL 1702679, at *6 (N.D. Ill. Apr. 19, 2024) (finding commonality met where plaintiffs alleged "quiet time" program violated Establishment Clause and Free Exercise Clause). In fact, "[a]n injunctive, constitutional challenge to a statute is perhaps the quintessential example of [a valid common question]." *Antrim v. Carr*, No. 19-cv-0396 (BHL), 2023 WL 8627789, at *4 (E.D. Wis. Dec. 13, 2023) (internal quotation marks and citation omitted); *Ind. Civ. Liberties Union Found. v. Superintendent*, 336 F.R.D. 165, 174 (S.D. Ind. 2020) ("In short, Plaintiffs, members of the putative subclass, and members of the putative class all raise the same legal issue: whether the statute violates the First Amendment. Plaintiffs have met their burden of showing that there are questions of law common to the subclass and class."); *Sherman v. Twp. High Sch. Dist. 214*, 540 F. Supp. 2d 985, 992 (N.D. Ill. 2008) (certification of bilateral class challenging constitutionality of statute); *see Rodriguez v. Hayes*, 591 F.3d 1105, 1123 (9th Cir. 2010) (finding a common constitutional question in the center of all the class's claims is enough to meet commonality).

   2. *Class certification is not precluded by the inclusion of members who suffered harm in different ways*

Defendants contend that "Plaintiffs' own Complaint specifically identifies the wide-ranging, varying injuries allegedly suffered by both the Named Plaintiffs and the putative class." ECF No. 34, at 7. They argue that "[s]uch differing allegations affirmatively disprove that the putative plaintiff class has not 'suffered the same injury,' and many may not have any injury at

all." *Id.* But Defendants misunderstand the Complaint. The cited paragraphs plead facts concerning religious diversity, not allegations describing individual Plaintiffs' injuries. They explain why the statute is facially non-neutral; the Complaint is not a taxonomy of every possible injury faced by members of the Plaintiff Class. The pleaded injury is the shared subjection to government-sponsored religious favoritism and coercion and interference with the free exercise of religion.

With respect to Defendants' arguments that the class is uncertifiable because some class members suffered no injury at all, the Fifth Circuit rightly described an analogous argument as "meritless." *In re Deepwater Horizon*, 739 F.3d 790, 809 (5th Cir. 2014) (en banc). In *Deepwater Horizon*, British Petroleum objected to class certification on the grounds that the class included "claimants without any actual injuries caused by the oil spill." *Id.* at 798. The court rejected this argument, explaining that class certification remained appropriate because "[e]ven an instance of injurious conduct, which would usually relate more directly to the defendant's liability than to the claimant's damages, may constitute the same injury," and "the legal requirement that class members have all suffered the same injury can be satisfied by an instance of the defendant's injurious conduct, even when the resulting injurious effects—the damages—are diverse." *Id.* at 810; *see also BreMiller v. Cleveland Psychiatric Inst.*, 195 F.R.D. 1, 12 (N.D. Ohio 2000) (individualized subjective perception of harassment does not defeat commonality). In fact, "district courts do not err by failing to ascertain at the Rule 23 stage whether the class members include persons and entities who have suffered no injury at all." *In re Deepwater Horizon*, 739 F.3d at 811 (citing *Dukes*, 564 U.S. at 350). And in *Yates v. Collier*, the Fifth Circuit held that the plaintiffs satisfied commonality because class members faced a substantial risk of serious harm. 362 F.3d 354, 362-65 (5th Cir. 2017). That is, certification did not require that every class member be physically harmed, much less in the same precise way. *Id.*

These principles apply with particular force here, where class members face an actual or imminent risk of constitutional injury that entitles them to injunctive relief. Even a student or parent who has not yet suffered a completed injury remains entitled to relief where the challenged statute creates an unreasonable risk of violating First Amendment freedoms. Individuals do not need to endure the irreparable loss of constitutional rights, even for minimal periods of time, before the court grants injunctive relief. *See Mahmoud v. Taylor*, 606 U.S. 522, 569 (2025).

### 3.    *Defendants' cited authority is inapposite*

Defendants misread *Dukes*. In *Dukes*, the plaintiffs sought to certify a class of approximately 1.5 million employees, each alleging discrimination across thousands of stores with "literally millions of employment decisions" made by individual managers exercising subjective discretion. 564 U.S. at 352. "The only corporate policy that the plaintiffs' evidence convincingly establish[ed was] Wal-Mart's 'policy' of *allowing discretion* by local supervisors over employment matters." *Id.* at 355 (emphasis in the original). The plaintiffs *did not allege* that Wal-Mart's discrimination resulted from a corporate policy or other companywide decision. *Id.* at 359 (noting that the plaintiffs could not argue that Wal-Mart operated under a general policy of discrimination). The Supreme Court reasoned that the plaintiffs needed some "glue" to hold together the millions of discretionary employment decisions by individual managers. *Id.* at 339, 358, n.9. Because the plaintiffs failed to identify the requisite "glue" that tied individualized decisions together, the Supreme Court held that the class could not satisfy Rule 23(a)(2).

This case presents the antithesis of *Dukes*. Plaintiffs challenge a single, mandatory statute that prescribes identical conduct in every public-school district (the Defendant Class), and that would affect the classroom of every student in Texas ISDs (the Plaintiff Class). The statute promulgates uniform requirements regarding displays' placement (*i.e.*, in a conspicuous place) and what those displays say. *See* S.B. 10. There are no opt-outs; every Independent School District

must comply. The statute itself supplies the "glue" that *Dukes* found missing: a uniform governmental command whose constitutionality can be resolved in one stroke that is central to the case and will not only drive the litigation forward but also resolve the liability phase altogether. *See Cruz v. Zucker*, 195 F. Supp. 3d 554, 565-66 (S.D.N.Y. 2016) (finding commonality where plaintiffs "brought a facial challenge against a regulation that unequivocally bans all cosmetic procedures" because the "ban [was] the 'glue' holding together plaintiffs' claims as required by *Dukes*: if the ban violates the federal law, each of the claims brought by members of the Cosmetic Subclass will be resolved 'in one stroke'"). And, as articulated above, Defendants misread *Dukes* to mean that commonality requires that class members must experience the challenged policy in the same subjective way—that is not the law. The "same injury" requirement refers to being subjected to the same allegedly unlawful conduct, not to identical downstream reactions. *See In re Deepwater Horizon*, 739 F.3d at 810–811 (5th Cir. 2014) ("the legal requirement that class members have all suffered the same injury can be satisfied by an instance of the defendant's injurious conduct, even when the resulting injurious effects—the damages—are diverse."); *cf. In re Deepwater Horizon*, 785 F.3d 1003, 1016 (5th Cir. 2015) ("recovery for class members with no business loss, it does not violate Rule 23(a)(2).") (citation omitted).

Defendants cite *M.D. ex rel. Stukenberg v. Perry* for the proposition that class members' claims must depend upon a common contention of such a nature that it is capable of class-wide resolution. 675 F.3d 832, 837 (5th Cir. 2012). There, on remand, the district court considered the plaintiffs' claim that the State violated their Fourteenth Amendment due process right to a duty of care while in the custody of the State. The court acknowledged that "[h]arm, both psychological and physical, can be inflicted in a variety of ways, including neglect, physical abuse, sexual abuse, and psychological maltreatment." *M.D. v. Perry*, 294 F.R.D. 7, 33 (S.D. Tex. 2013). Despite the

myriad factual differences between class members, including the different ways harm may be wrought, who harmed them and where, and how and when the harm manifested itself, the court found that the plaintiffs satisfied commonality. *Id.* at 45. On appeal, the Fifth Circuit affirmed that holding. *M.D. v. Abbott*, 907 F.3d 237, 270-271 n.42 (5th Cir. 2018).

**B.**    **<u>Typicality is Satisfied Because Policy Disagreement Does Not Render Plaintiffs' *Claims* Atypical</u>**

Defendants misapprehend the typicality requirement. Rule 23(a)(3) asks whether named plaintiffs' claims arise from the same course of conduct and rest on the same legal theory. "The test for typicality, like the test for commonality, is not demanding." *Lightbourn v. Cnty. of El Paso, Tex.*, 118 F.3d 421, 426 (5th Cir. 1997). Typicality is sensitive to idiosyncrasies among named plaintiffs that make their *claims or defenses* atypical of the remainder of the class. That is, the focus is not on preferences or factual differences; rather, it is an analysis of the named plaintiffs and their relationship with the *challenged conduct. Stirman v. Exxon Corp.*, 280 F.3d 554, 562 (5th Cir. 2002) ("Typicality does not require a complete identity of claims. . . . If the claims arise from a similar course of conduct and share the same legal theory, factual differences will not defeat typicality."); *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1082 (6th Cir. 1996). For example, if a named plaintiff settled a lawsuit waiving all claims against a defendant, that named plaintiff may fall short of satisfying typicality because there would be a defense unique to that plaintiff. *Langbecker v. Elec. Data Sys. Corp.*, 476 F.3d 299, 313 n.26 (5th Cir. 2007) (citation omitted).

Defendants do not cite a single case in support of the contention that *speculative* preferences undermine typicality. Indeed, preferences do not bear on whether the *legal claims* of the representative plaintiffs are typical of the rest of the class. *In re Checking Account Overdraft Litig.*, 307 F.R.D. 656, 671 (S.D. Fla. 2015) ("individual preferences are irrelevant" to typicality analysis); *Suchanek v. Sturm Foods, Inc.*, 311 F.R.D. 239, 255 (S.D. Ill. 2015) (rejecting the

argument that typicality is not satisfied unless the class members all had the same perceptions and knowledge about coffee products and the same preferences and reasons for purchasing the product); *Ehret v. Uber Techs., Inc.*, 148 F. Supp. 3d 884, 893-95 (N.D. Cal. 2015) (class members who "would not care" irrelevant to typicality); *Astiana v. Kashi Co.*, 291 F.R.D. 493, 502 (S.D. Cal. 2013) (class members' subjective preferences do not defeat commonality).

Plaintiffs' claims concern constitutional principles that apply across the class. As such, the typicality inquiry focuses on the shared legal issues rather than on the specific, individualized circumstances of any one class member. Courts have recognized that where plaintiffs assert claims grounded in constitutional rights, differences in individual circumstances do not defeat typicality. *See, e.g.*, *Steward v. Janek*, 315 F.R.D. 472, 490 (W.D. Tex. 2016) (citing *M.D. v. Perry*, 294 F.R.D. at 61). Viewed through that lens, differences in preference or opinion do not bear on typicality, particularly where claims turn on the constitutionality of state-mandated religious displays.

Defendants' citation to *Angell* is inapposite and omits the critical portion of the relevant discussion in the decision. The paragraph reads:

> "[A] complete identity of claims" is not required; "[r]ather, the critical inquiry is whether the [named plaintiff's] claims have the same essential characteristics of those of the putative class. *If the claims arise from a similar course of conduct and share the same legal theory, factual differences will not defeat typicality*." *Id.* (quoting *James*, 254 F.3d at 571).

*Angell v. GEICO Advantage Ins. Co.*, 67 F.4th 727, 736 (5th Cir. 2023) (emphasis added to show omitted language). *Angell* supports a finding of typicality and certification of a Plaintiff Class here.

Finally, the Defendants cite *Elizabeth M. v. Montenez* for the proposition that "[t]he presence of a common legal theory does not establish typicality when proof of a violation requires individualized inquiry." 458 F.3d 779, 787 (8th Cir. 2006). In *Montenez*, the plaintiffs alleged that they were denied essential services necessary for the treatment, habilitation, rehabilitation, and

amelioration of mental illnesses and/or developmental disabilities in three distinct facilities. *Id.* at 787. The court found that the plaintiffs had not satisfied typicality because they did not identify one or more policies or practices common to all three facilities that caused these alleged violations and simply made a "laundry list" of desired policy changes. *Id.* Here, Plaintiffs have identified a common policy applicable across the state, *i.e.*, S.B. 10, and their facial challenge to that statute is remediable without individualized inquiries.

### C.   Adequacy is Satisfied Because Policy Disagreement Does Not Create a Fundamental Conflict of Interest

The Defendants claim that Plaintiffs do not satisfy Rule 23(a)(4), with few citations to actual caselaw. They contend that the named representative Plaintiffs cannot represent members of the Plaintiff Class who support the unconstitutional statute and want the Ten Commandments posted across the State's ISDs. But it is axiomatic that a court will not refuse to certify a class solely because some of the class members prefer to leave their rights unremedied. *Horton v. Goose Creek Indep. Sch. Dist.*, 690 F.2d 470, 486-87 (5th Cir. 1982) (adequacy of representation does not require that all members of class agree on propriety of action); *Lanner v. Wimmer*, 662 F.2d 1349, 1357 (10th Cir. 1981) (class certification is not defeated simply because some members of the class might prefer not to have violations of their rights remedied); *Lebron v. Wilkins*, 277 F.R.D. 664, 668 (M.D. Fla. 2011) (certifying a class challenging the constitutionality of state law that required drug tests despite the state's insistence that some class members may have consented to drug testing); *Cmtys. for Equity v. Mich. High Sch. Ath. Ass'n*, 192 F.R.D. 568, 574 (W.D. Mich. 1999) ("[T]he class member who wishes to remain a victim of unlawful conduct does not have a legally cognizable conflict with the class representative.") (citation omitted); *Larry James Oldsmobile-Pontiac-GMC Truck Co., Inc. v. General Motors Corp.*, 164 F.R.D. 428, 437 (N.D. Miss. 1996) (court cannot use preference of some class members to leave rights unremedied as

13

basis for denial of certification); *Waters v. Barry*, 711 F. Supp. 1125, 1132 (D.D.C. 1989) (class certified even though some class members may have supported challenged curfew); *see also Riemer v. State*, 392 S.W.3d 635, 640 (Tex. 2013) (Texas Rule 42 does not require that all members agree on the propriety of the action in order to certify the class); 5 Moore's Federal Practice § 23.25 (2025).

## III.    THE DEFENDANT CLASS SATISFIES RULE 23(b)

The Defendant Class satisfies the prerequisites to class certification, and Defendants do not argue otherwise. Instead, they argue that the Defendant Class is uncertifiable because "there is not any evidence that all Texas ISDs are, or will, act similarly with respect to S.B. 10." That does not undermine application of Rule 23(b)(1)(A). And there is, in fact, ample evidence to the contrary, including the growing number of districts that have complied with the statute and the actions by the Attorney General against some that have chosen not to comply. *See* ECF No. 8-2, *Decl. of Nicolas A. Lussier*, Exs. 2-6. In any event, the Plaintiffs do not need to wait to protect their First Amendment rights. *Mahmoud*, 606 U.S. at 569; *Nathan v. Alamo Heights Indep. Sch. Dist.*, 795 F. Supp. 3d 910 (W.D. Tex. 2025).

### A.    <u>The Defendant Class is Certifiable Pursuant to Rule 23(b)(1)(A)</u>

The Defendants' sole objection to certification under Rule 23(b)(1)(A) is that the Plaintiffs have not shown that their claims are "identical." *Tex. Med. Providers Performing Abortion Servs. v. Lakey*, 806 F. Supp. 2d 942, 954 (W.D. Tex. 2011) (subsequent history omitted). But the core of the *legal* claims against each school are indeed identical. The Complaint alleges Establishment Clause and Free Exercise Clause violations stemming from the enactment of S.B. 10 and its unequivocal mandate that each and every school in Texas must display the Ten Commandments. Defendants do not address a single case cited by the Plaintiffs. *See, e.g.*, *Sherman*, 540 F. Supp. 2d at 992 (certifying plaintiff and defendant Establishment Clause and Free Exercise Clause

14

classes); *Doe v. Miller*, 216 F.R.D. 462, 467 (S.D. Iowa 2003) (certifying defendant class pursuant to Rule 23(b)(1)(A) in constitutional challenge to state law). Instead, the Defendants seem to tacitly endorse (while unsuccessfully attempting to distinguish) *Lakey*. However, Defendants misquoted *Lakey*, and it is thus unclear what they intend to argue by referring to "identical claims." The *Lakey* court certified the class despite the plaintiffs not specifying in exhaustive detail how each member of the defendant class would enforce the challenged provisions. *See Lakey*, 806 F. Supp. 2d at 942; *Callahan v. Wallace*, 466 F.2d 59 (5th Cir. 1972) (affirming certification of a defendant class).

**B.    Alternatively, the Defendant Class is Certifiable Pursuant to Rule 23(b)(2)**

Defendants largely sidestep Plaintiffs' request to certify a Defendant Class pursuant to Rule 23(b)(2). Instead, Defendants rely on inapposite plaintiff-class cases to argue that relief could not be issued through a single injunction. Their premise is incorrect. Plaintiffs cited cases to the contrary, *see* ECF No. 8 at 25-26, and identified injunctive relief that would apply uniformly to every member of the Defendant Class. *See id.* at 27. Defendants strategically chose not to engage with several other cases cited in Plaintiffs' class certification motion. *Id.* at 25-26. Further, courts in and outside this District issued injunctive relief under similar circumstances, including against school districts that had not yet displayed posters. *See, e.g.*, *Nathan,* 795 F. Supp. 3d 910; *Stinson v. Fayetteville Sch. Dist. No. 1*, 798 F. Supp. 3d 931 (W.D. Ark. 2025).

**CONCLUSION**

For the forgoing reasons, Plaintiffs respectfully request that the court grant their Motion for Provisional and Final Bilateral Class Certification.[1]

---

[1] To the extent this court finds any issue with the proposed class definitions, the proper course of action is to work to remedy the deficiency. "District courts should "modify the classes to fit the requirements [of Rule 23]" instead of denying a certification motion. *Braidwood Mgmt. v. EEOC*, 70 F.4th 914, 933-934 (5th Cir. 2023).

Date: January 2, 2026

Respectfully submitted,

By: */s/ Jonathan K. Youngwood*
SIMPSON THACHER & BARTLETT LLP
Jonathan K. Youngwood
Janet A. Gochman*
Noah Gimbel*
Jordan T. Krieger*
Avia Gridi*
Griselda Cabrera*
Nicolas A. Lussier*
Victoria Wang*
425 Lexington Avenue
New York, NY 10017
(212) 455-2000
*jyoungwood@stblaw.com*
*jgochman@stblaw.com*
*noah.gimbel@stblaw.com*
*jordan.krieger@stblaw.com*
*avia.gridi@stblaw.com*
*griselda.cabrera@stblaw.com*
*nicolas.lussier@stblaw.com*
*Victoria.wang@stblaw.com*

AMERICAN CIVIL LIBERTIES UNION
OF TEXAS FOUNDATION, INC.
Adriana Piñon
Chloe Kempf
Sarah Corning*
Thomas Buser-Clancy
P.O. Box 8306
Houston, TX 77288
(713) 942-8146
*apinon@aclutx.org*
*ckempf@aclutx.org*
*scorning@aclutx.org*
*tbuser-clancy@aclutx.org*

AMERICAN CIVIL LIBERTIES UNION
FOUNDATION, INC.
Daniel Mach*
915 15th Street, NW, Suite 600
Washington, DC 20005
(202) 675-2330
*dmach@aclu.org*

AMERICAN CIVIL LIBERTIES UNION
FOUNDATION, INC.
Arijeet Sensharma*
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500
cl_asensharma@aclu.org

AMERICANS UNITED FOR
SEPARATION OF CHURCH & STATE
Alex J. Luchenitser*
Amy Tai*^
Jess Zalph*
Alexandra Zaretsky*^
1310 L Street NW, Suite 200
Washington, DC 20005
(202) 466-7306
*luchenitser@au.org*
*tai@au.org*
*zalph@au.org*
*zaretsky@au.org*

FREEDOM FROM RELIGION
FOUNDATION
Patrick C. Elliott
Samuel T. Grover
Nancy A. Noet*
P.O. Box 750
Madison, WI 53701
(608) 256-8900
*patrick@ffrf.org*
*sgrover@ffrf.org*
*noetn@ffrf.org*

*Counsel for Plaintiffs*
* Admitted *Pro Hac Vice*
^Admitted to practice in New York; not a
member of the D.C. bar.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record by filing with the Court's CM/ECF system.

By: */s/ Jonathan K. Youngwood*
       Jonathan K. Youngwood